UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 04-205 DWF/JSM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GERALD LIPPOLD, ) | Criminal Number 06-30002 |
| CURRY READY MIX & BUILDERS', ) | |
| SUPPLY, INC., CURRY ICE & COAL ) | |
| OF SPRINGFIELD, INC., and LIPPOLD & ) | |
| ARNETT, INC. ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT MOTION IN LIMINE REGARDING LACK
OF ENVIRONMENTAL HARM AND JURY NULLIFICATION**

**A. Introduction**

The United States of America by its attorneys Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Patrick J. Chesley, Assistant United States Attorney, moves the Court in limine to bar any evidence, arguments, questioning, statements or allusions that: (1) the defendants' acts resulted in no harm to human health or the environment; and (2) the jury should not follow the law or should engage in jury nullification.

**B. Factual Background**

The defendants are charged with knowingly discharging pollution to protected waters without a National Pollutant Discharge Elimination System ("NPDES") permit in violation of Title 33 U.S.C. Sections 1311(a) & 1319(c)(2)(A), &18 U.S.C. Section 2. In order to establish such a violation the government must prove: (1) the defendant knowingly caused the discharge of a pollutant into a water; (2) the pollutant was discharged from a point source; (3) the water was a water of the United States; and (4) the discharge was made without an NPDES permit.

### C. Harm-Related Evidence and Argument is Irrelevant and More Prejudicial Than Probative

**1.   Harm-related evidence and argument is irrelevant**

Rule 402 of the Federal Rules of Evidence (FRE) states that "[e]vidence which is not relevant is not admissible." FRE 402 thus bars irrelevant evidence from trial. FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The substantive law that governs an action determines whether a fact is "of consequence to the determination of the action." In a criminal case, the facts of consequence "consist[] of elements of the offense charged and any relevant defenses to defeat criminal liability." United States v. Lamberty, 778 F.2d 59, 60-61 (1st Cir. 1985).

The Indictment in this matter charges the defendants with knowingly discharging pollution to protected waters without a NPDES permit. While the Clean Water Act (CWA) is an environmental protection law, environmental harm is not an element of the offense charged in this case. Nor is the United States aware of any defense to which harm-related evidence could be relevant. Therefore, harm-related evidence is not "of consequence to the determination of this action" and is irrelevant in this case.

The case law supports this conclusion. In the context of a civil enforcement action under the CWA, the Seventh Circuit Court of Appeals in *United States v. Kelly*, 203 F.3d 519, 522-23 (7th Cir. 2000), recognized that the defendant's argument that their actions caused no environmental harm misses the point. The court in that case said that the point is whether the defendant had a permit for his activities.

In *Kelly* the defendants violated 33 U.S.C. §§1319(d) and (g). Those sections provide for the imposition of civil and administrative penalties for persons who violate 33 U.S.C. §1311(a). As it pertains to this case, that same section prohibits the discharge of pollutants unless a NPDES permit is obtained.[1]

The exact same statutory structure that was considered in *Kelly* applies to the criminal offense charge in this case with the exception that the criminal offense requires the offense to be committed knowingly. Aside from the knowledge requirement, the same conduct establishes violations of §1319(c)(2) and §§§1319(d) and (g). Therefore, *Kelly* stands for the proposition that environmental harm is not required for a §1319(c)(2) violation.

Case law from other circuits also support the government's position that environmental harm is not an element of the offense charged in this case. In *United States v. Iverson*, 162 F.3d 1015, 1021 (9th Cir. 1998) the court stated that the defendant violated the CWA "irrespective of any effect that his discharges had on the water." Therefore, the trial court did not err when it: refused to allow the defendant's expert to testify about the effect that the discharges had on the water; refused to instruct the jury concerning the effect of the defendant's discharges on the water; and denied the defendant's motion for acquittal because the government had not proved the effect on the water. In *Minnehaha Creek Watershed Dist. v. Hoffmann*, 597 F.2d 617, 626-27 (8th Cir. 1979) the court held that the CWA does not require proof of an alteration in water quality before the addition of a particular substance to a navigable water can be classified as a discharge of a pollutant. *See also, Avoyelles Sportmen's League, Inc. v. Marsh,* 715 F.2d 897, 919 n. 37 (5th Cir. 1983); *Chesapeake Bay Foundation v. Bethlehem Steel Corp.,* 652 F.Supp.

---

[1]None of the other exceptions in §1311(a) apply to this case.

620, 631-32 (D. Md. 1987) (magnitude of permit violations is not relevant to determining existence of a violation); *Connecticut Fund For the Environment v. Stewart-Warner Corp.*, 631 F.Supp. 1286, 1288-89 (D. Conn. 1986)(permit violations are not required to be "statistically significant" to establish a violation of the CWA).

The government has been unable to locate any case that either requires environmental harm as an element of an offense for discharging pollutants without a NPDES permit or permits it as a defense to such a charge.

Since environmental harm is not required by the CWA or applicable case law and since it does not create an affirmative defense, such evidence and related arguments are entirely immaterial and irrelevant to a determination of guilty or innocence to the charge in this case. As a result, such evidence and argument have no probative value. They do, however, have the potential for prejudice, confusion and waste of time.

**2.     Harm-related evidence and argument will cause prejudice, confusion and waste of time**

FRE 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay [or] waste of time . . . ." The Court has broad discretion to exclude evidence under FRE 403. *Eastern Natural Gas Corp. v. Aluminum Company of America*, 126 F.3d 996, 1001 (7th Cir. 1997), *cert. denied* 523 U.S. 1118 (1998); see also *United States v. Just*, 74 F.3d 902, 904 (8th Cir. 1996). Even if the Court determined that harm-related evidence was relevant here, the prejudice, confusion and waste of time that such evidence would cause substantially outweighs any probative value that it could have.

The largest problem with attempting to incorporate harm-related evidence into this matter is that harm-related evidence would mislead the jury, by suggesting that the jury must somehow find that the defendants harmed human health and the environment to convict the defendants. As stated above, this is legally incorrect. Harm-related evidence or argument could also unfairly prejudice the jury by suggesting that the defendants' crimes are trivial, an impermissible argument.

Another problem with introducing harm-related evidence is that neither the CWA nor any other environmental statute defines harm. This is again because no environmental statute uses harm as an element of any violation. Debating a formless standard before a jury could only waste time and cause undue delay.

Another problem is that any attempt to create such a standard from whole cloth would be highly technical, requiring expert knowledge to establish. Therefore, harm-related evidence would cause confusion, by subjecting the jury to a series of complex and unhelpful debates between competing technical experts. Harm-related evidence would cause unfair prejudice, by infecting the entire case with its confusion when the jury tried to apply these irrelevant debates to determining whether the United States has proved the actual elements of the defendants' crimes. Harm-related evidence would finally cause undue delay and waste time, by consuming time with complex and unhelpful discussions.

Accordingly, the United States asks the Court to exclude all harm-related evidence and argument in this matter under both FRE 402 and 403.

### D. Jury Nullification

It is proper for a district court to prohibit defense counsel from arguing that the jury should not follow the law or that the jury should engage in jury nullification. *United States v. Brown,* 548 F.2d 204, 210 (7th Cir. 1977). The First Circuit Court of Appeals reached the same conclusion when it held that "a trial judge . . . may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *United States v. Sepulveda,* 15 F.3d 1161, 1190 (1st Cir. 1993).

There is no question that a jury has the power to engage in jury nullification, but "this power of the jury is not a right of the defendants'. Although a nullification verdict is accepted as a natural aberration under our system, 'it is not to be positively sanctioned by instructions [or arguments] . . . which would encourage a jury to acquit . . . regardless of the applicable law or proven facts.'" *United States v. Dougherty,* 473 F.2d 1113, 1137 (D.C. Cir. 1972).

The Seventh Circuit adopted the reasoning of the court in *Dougherty* in declining to reverse a criminal conviction based on the district court's refusal to give a nullification instruction. *United States v. Anderson,* 716 F.2d 446 (7th Cir. 1983). In *Anderson*, the court held that explicit instructions sanctioning jury nullification pose too great a threat to the rule of law. *Id.* at 450.

Arguments to the jury on the issue of nullification would be equally as threatening as written instructions. *United States v. Sloan,* 704 F.Supp. 880, 884 (N.D. Ind. 1989). In *Sloan* the district court granted the government's motion in limine regarding jury nullification arguments.

## F.  Conclusion

For all of the above reasons, the United States requests that the Court grant this motion in limine and bar any evidence, arguments, questioning, statements or allusions that: (1) the defendants' acts resulted in no harm to human health or the environment; and (2) the jury should not follow the law or should engage in jury nullification.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Patrick J. Chesley
Patrick J. Chesley Bar Number 0434841
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217/ 492-4450
Fax: 217/ 492-4044
E-mail: pat.chesley@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Tom Schanzle-Haskins
>Claire A. Manning
>Brown, Hay & Stephens
>205 South Fifth Street, Suite 700
>Springfield, IL 62705-2459

                                                  s/ Patrick J. Chesley