E-FILED
Wednesday, 16 August, 2006  04:47:54 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Criminal No. 06-30002 |
| v. | ) | |
| | ) | |
| GERALD LIPPOLD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT LIPPOLD'S SUPPLEMENTAL
MOTION FOR DISCLOSURE OF ANY ADDITIONAL EXPERTS AND
ADDITIONAL INFORMATION REGARDING EXPERTS PREVIOUSLY DISCLOSED
AND TO SET DEADLINE FOR DISCLOSURE OF EXPERT TESTIMONY**

The United States of America by its attorneys Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Patrick J. Chesley, Assistant United States Attorney, makes the following response to defendant Lippold's Supplemental Motion for Disclosure of any Additional Experts and Additional Information Regarding Experts Previously Disclosed and to Set Deadline for Disclosure of Expert Testimony:

1. Defendant Lippold filed his motion on August 2, 2006. In that motion the defendant seeks three things.  First, the defendant seeks to have the government's June 21, 2006 disclosures concerning expert witnesses made more specific.  Second, the defendant seeks the disclosure of any supplemental expert witnesses it intends to call.  Third, the defendant wants to establish schedule for the disclosure of the government's supplemental witnesses.

2.  Concerning the defendant's request for more specific disclosures of previously

disclosed experts, the government agrees to supplement the June 21, 2006 expert witness disclosures. The government believes that it will be able to provide such supplemental disclosures by August 25, 2006.

3. With respect to the defendant's second request the government agrees to disclose any supplemental experts that it intends to call at trial.

4. Concerning the timing of such disclosure of supplemental experts, the government provides the following information. On June 19, 2006, the U.S. Supreme Court issued its decision in *U.S. v. Rapanos, et al.*, 126 S.Ct. 2208 (2006). This opinion decided in two cases the extent to which isolated wetlands were "waters of the United States" as that phrase is defined in the Clean Water Act, 33 U.S.C. § 1251 et seq. The Court had no majority opinion on that issue, though a majority of justices concurred in a judgment reversing and remanding those wetland cases for further fact-finding. On the legal definition of "waters of the United States," the Court split into a four-justice plurality opinion by Justice Scalia; a lone opinion by Justice Kennedy, concurring only in the judgment; and a four-justice minority opinion by Justice Stevens.

5. As Chief Justice Roberts noted in a separate concurring opinion, this means that Justice Kennedy's opinion is the controlling rule of law. *Id.*, 126 S.Ct. at 2236; *see also Northern California River Watch v. City of Healdsburg*, No. 04-15442, August 10, 2006, slip op. at p. 9310 (9th Cir. 2006) (interpreting *Rapanos* and noting that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (citation omitted)).

6. Justice Kennedy held that a water of the United States is a water body that alone or in

combination with similarly situated water bodies in the region significantly affect the chemical, physical, or biological integrity of navigable-in-fact waters. *Rapanos*, 126 S.Ct. at 2248; *see also City of Healdsburg*, slip op. at p. 9310. In contrast, Justice Scalia's plurality opinion derided the U.S. Environmental Protection Agency's (U.S. EPA's) and the U.S. Army Corps of Engineers' administration of the Clean Water Act and gave short shrift to the goals of the Clean Water Act: to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Among other things, the plurality would have defined a "water of the United States" to include navigable-in-fact waters, including seasonal waters that contain continuous flow during some months of the year, but may have no flow during dry months. *Rapanos*, 126 S.Ct. at 2221, note 5.

7.  The U.S. EPA is in the process of developing and issuing guidance concerning what is a "water of the United States" under the Clean Water Act in light of the *Rapanos* decision. This guidance is expected to include whether and how *Rapanos* applies to waters of the United States that are open surface waters, such as those involved in the instant case, as opposed to wetlands. It should be noted that the U.S. EPA is entitled to considerable deference in its interpretations of the Clean Water Act. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-845 (1984).

8.  The government therefore asks that the Court allow it time to review the U.S. EPA *Rapanos* guidance when it is issued and to determine what expert testimony, if any, is necessary to prove the "water of the United States" element in this case in light of that guidance. The government believes that it will be able to provide the defendant with the disclosure of its supplemental experts by September 15, 2006.

9. The government advises the defendants and the Court that in July 2006 it had a hydrologist from U.S. EPA inspect the unnamed tributary on the Curry property and both upstream and downstream from the Curry property. It is anticipated that a final report from the hydrologist will be issued in the near future. After the government receives such report it will promptly disclose it. It is anticipated that this will occur substantially prior to September 15, 2006. In addition, the government met with a hydrologist with the Illinois Department of Natural Resources on August 10, 2006. The government is in the process of providing information to that hydrologist in order to allow him to render an opinion. It is unknown when such hydrologist will issue a report but it will be provided to the defendants whenever it becomes available.

WHEREFORE, the United States moves this Court to allow the government to supplement its disclosures of June 21, 2006 by August 25, 2006 and to provide its list of additional experts by September 15, 2006.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Patrick J. Chesley
Patrick J. Chesley Bar Number 0434841
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217/ 492-4450
Fax: 217/ 492-4044
E-mail: pat.chesley@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on August 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Tom Schanzle-Haskins
      Claire A. Manning
      Brown, Hay & Stephens
      205 South Fifth Street, Suite 700
      Springfield, IL 62705-2459

      Charles J. Northrup
      Todd M. Turner
      Sorling, Northrup, Hanna, Cullen & Cochran
      Suite 800 Illinois Building
      607 East Adams Street
      Springfield, IL 62705

      Jon G. Noll
      Noll Law Office
      802 South Second Street
      Springfield, IL 62704

      s/ Patrick J. Chesley