IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )  Criminal No. 06-30002 |
| v. | ) |
| | ) |
| GERALD LIPPOLD, et al., | ) |
| | ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT LIPPOLD'S
MOTION IN LIMINE TO BAR TESTIMONY CONCERNING
LEVELS OF VANADIUM IN ALLEGED DISCHARGES**

The United States of America by its attorneys Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Patrick J. Chesley, Assistant United States Attorney, makes the following response to defendant Lippold's Motion in Limine to Bar Testimony Concerning Levels of Vanadium in Alleged Discharges:

1. Defendant Lippold filed his motion on August 2, 2006. In that motion the defendant seeks to bar at trial any evidence concerning the presence of vanadium in the alleged discharges to the unnamed tributary to the Sangamon River.

2. Defendant Lippold claims that allowing the vanadium evidence would constructively amend the indictment. The thrust of his argument is that the indictment charges him with causing discharges containing boron not vanadium and that by allowing the introduction of the vanadium evidence it would allow the jury to convict him for vanadium discharges and not boron discharges.

3. Defendant Lippold's argument misses the mark. In this case, unlike the cases cited by the defendant, the presence of vanadium is relevant to proving the violation charged. The government must prove that a pollutant was discharged, in this case boron. The Clean Water Act defines pollutant broadly to include solid waste, incinerator residue, industrial waste and municipal waste. 33 U.S.C. §1362(6). The proposed testimony of Paul Connelly, that the high levels of **both** boron and vanadium in the samples are consistent with the samples having come from contaminated water from a coal ash pond, is relevant to proof that the boron involved in this case comes within the Clean Water Act's definition of a pollutant. In this case the coal ash came from bottom and fly ash generated by burning coal to produce electricity for City, Water, Light and Power (CWLP), the City of Springfield's municipal utility. The CWLP coal ash dumped in the excavation on Curry's facility was a solid waste, incinerator residue, industrial waste and municipal waste.

4. In addition, the boron and vanadium were in the same body of water on the Curry property. They both entered the water by leaching out of the coal ash. The samples analyzed by Mr. Connelly were collected from the pond on Curry's property on April 2, 2003. This is during the time frame when the violations are alleged to have occurred. The results of Connelly's analysis show high levels of boron and vanadium in these samples. Since both chemicals were present in the pond, it would not be possible to discharge vanadium without also discharging boron. Therefore, unlike the evidence in the cases cited by the defendant, it would not be possible for a jury to find a vanadium discharge without a boron discharge.

5. Finally, in all the cases cited by the defendant, the instructions given by the trial court allowed the defendants to be convicted on the basis of evidence that was not charged in the

indictment. In the present case, the government believes that the Court will correctly instruct the jury. It is anticipated that the jury will be told that the government must prove that a pollutant was discharged. The jury also will be provided with the definition for a pollutant. But most importantly, the jury will be instructed that in order to convict any of the defendants the pollutant discharged must be boron. With such instructions, it will be clear to a jury that it can only convict the defendants for the offense charged in the indictment.

WHEREFORE, the United States moves this court to deny defendant Lippold's Motion in Limine to Bar Testimony Concerning Levels of Vanadium in Alleged Discharges.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY

s/ Patrick J. Chesley
Patrick J. Chesley Bar Number 0434841
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217/ 492-4450
Fax: 217/ 492-4044
E-mail: pat.chesley@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Tom Schanzle-Haskins
      Claire A. Manning
      Brown, Hay & Stephens
      205 South Fifth Street, Suite 700
      Springfield, IL 62705-2459

      Charles J. Northrup
      Todd M. Turner
      Sorling, Northrup, Hanna, Cullen & Cochran
      Suite 800 Illinois Building
      607 East Adams Street
      Springfield, IL 62705

      Jon G. Noll
      Noll Law Office
      802 South Second Street
      Springfield, IL 62704

                                    s/ Patrick J. Chesley