E-FILED
Thursday, 07 September, 2006  02:55:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Criminal No. 06-30002 |
| v. ) | |
| ) | |
| GERALD LIPPOLD, et al., ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S MOTION FOR CONTINUANCE**

    The United States of America by its attorneys Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Patrick J. Chesley, Assistant United States Attorney, moves the Court to continue the dates for the trial, pre-trial and disclosures from experts witnesses concerning *Rapanos* issues as set forth below.  In support of this motion the government states the following:

    1.  On January 4, 2006, the grand jury returned a one count indictment charging the defendants with discharging a pollutant into waters of the United States without a National Pollutant Discharge Elimination System permit in violation of 33 U.S.C. §§ 1311(a) and 1319(c)(2)(A) and 18 U.S.C. § 2.

    2.  Trial in the case was originally set for March 10, 2006

    3.  Based upon defendant Lippold's motion for continuance, which was not

opposed by the government, the trial was continued to August 21, 2006.

    4. On June 19, 2006, the United States Supreme Court announced its opinion in *United States v. Rapanos*, 126 S.Ct. 2208 (2006). That case may have a substantial effect upon the proof of federal jurisdiction offered in some water pollution cases. In response to that case, defendant Lippold filed a second motion for continuance, which was not opposed by the government. This Court granted defendant Lippold's motion and continued the trial until October 31, 2006.

    5. In *Rapanos* four Justice agreed with the plurality opinion written by Justice Scalia that required waters of the United States to be relatively permanent, standing or continuously flowing bodies of water. *Id.* at 2225. Justice Kennedy, concurring only in the need for a remand, established a substantially different standard, namely, that there be a significant nexus between the body of water and a navigable in fact water in order to constitute a water of the United States. *Id.* 2248. In a dissenting opinion by Justice Stevens four Justices essentially agreed that the prior standard for determining what was a water of the United States should be used. *Id.* 2259, 2264-65. Each of the three opinions attacked the validity of the other two opinions.

    6. After substantial consultation with attorneys for the United States Environmental Protection Agency (USEPA) and the Environmental and Natural Resources Division of the Department of Justice, it has been determined that the government must take into account either the standard established by the plurality or the standard established by Justice Kennedy in *Rapanos* or both. The present indictment fails

to allege either of these standards.

7. The allegations of this paragraph relate to grand jury materials and are being submitted under seal. The government will seek an order from this Court allowing disclosure of this paragraph to defense counsel.

8. Guidance on the appropriate manner in which to take into account *Rapanos* currently is being developed in Washington, and that guidance may affect the types of evidence necessary to allow expert witnesses to express opinions concerning issues related to what constitutes a water of the United States. It also may result in the generation of new discovery materials that will have to be provided to the defense. That additional material may include, but not be limited to, a substantial number of aerial photographs, photographs of creeks both on the Curry site and upstream and downstream from it and photographs of the Sangamon River at the point where the creek discharges. It also should be noted that defendant Lippold recently asked for and the government agreed to copy for Lippold thousands of pages of records from Hanson Engineering.

9. Presently, the Court has given the government until September 15, 2006 to make its disclosures for expert witnesses concerning *Rapanos* issues. The government will not be able to meet that deadline.

10. In addition, Patrick J. Chesley, the only Assistant United States Attorney (AUSA) assigned to this case, will be involved in other matters that will require virtually all of his time. He is one of the government attorneys assigned to try the case of ~~the~~ *United States v. Cecil Turner*, 06-30012. That case is scheduled to begin trial on

September 11, 2006, in Peoria before Judge McDade.  The trial is expected to last approximately two weeks.  Presently, AUSA Chesley is involved in trial preparation for that case which includes working nights and weekends.  AUSA Chesley also is scheduled to argue two cases in the Seventh Circuit Court of Appeals during the week of September 25, 2006.  The case of *United States v. Nolan Nelson*, 05-3624 is set for September 27, 2006, and the case of *United States v. William A. Ginglen*, 06-1074 is set for September 28, 2006.  As a result of such work load, he will not be able to prepare the expert witness disclosures concerning *Rapanos* issues by September 15, 2006.

   11.  Since this case involves novel issues that are of first impression, the government asks the Court to proceed in a manner that will allow all parties to fully develop the issues and prepare for trial concerning what body or bodies of water in this case constitute waters of the United States.

   12.  In order to accomplish that goal, it will be necessary to continue the dates for the trial, pre-trial and the *Rapanos* expert witness disclosures.  The government believes that a continuance of the trial and pre-trial for slightly more than 60 days, until the first week in January 2007 will be sufficient.  The government also asks that it be allowed to provide its expert witness disclosures for *Rapanos* issues to the defendants on October 31, 2006.

   13.  The government has discussed this motion with defense counsel for the Curry Companies and they have no objection to the Court granting this motion.  Defense counsel for Lippold did not agree to this motion.

Wherefore, the government moves this Court to continue the trial in this case until the first week in January 2007 and to set the pre-trial approximately one week before the trial and to allow the government until October 31, 2006, to file its expert witness disclosures for *Rapanos* issues.

Respectfully submitted,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/ Patrick J. Chesley
Patrick J. Chesley Bar Number 0434841
United States Attorney's Office
318 South Sixth Street
Springfield, IL 62701
Telephone: 217/ 492-4450
Fax: 217/ 492-4044
E-mail: pat.chesley@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on September 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tom Schanzle-Haskins
Claire A. Manning
Brown, Hay & Stephens
205 South Fifth Street, Suite 700
Springfield, IL 62705-2459

Charles J. Northrup
Todd M. Turner
Sorling, Northrup, Hanna, Cullen & Cochran
Suite 800 Illinois Building
607 East Adams Street
Springfield, IL 62705

Jon G. Noll
Noll Law Office
802 South Second Street
Springfield, IL 62704

                                  s/ Patrick J. Chesley